UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

JAMES T. JOHNSON d/b/a
STOCKTON ROOFING & SIDING,

                             Plaintiff,

v.

ATLANTIC CASUALTY INSURANCE COMPANY,

                             Defendant.

**NOTICE OF REMOVAL**

Civ. No.: _____

---

**TO:**    United States District Court
          Western District of New York

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, and Local Rule 81, Defendant Atlantic Casualty Insurance Company (hereinafter "Defendant") by its attorneys, Goldberg Segalla LLP, submits this Notice of Removal from the Supreme Court, State of New York, County of Niagara, in which the above-captioned matter is now pending, to the United States District Court for the Western District of New York. In support of said Notice, Defendant states as follows:

### Procedural History

1.    Plaintiff filed his Summons with Notice and Complaint in the Supreme Court, State of New York, County of Niagara, on or about July 5, 2013. Plaintiff served the Summons with Notice and Complaint on the North Carolina Secretary of State on August 27, 2013. Defendant first received an incomplete copy of the Summons with Notice and Complaint on or

about September 24, 2013.[1] An Index of all documents filed in State Court is attached hereto as **Exhibit A** pursuant to Local Rule 81(a)(3)(A). A copy of the Summons with Notice and Complaint filed in State Court, as received by Defendant, is attached hereto as **Exhibit B** pursuant to Local Rule 81(a)(3)(B). No other pleadings have been filed in State Court or otherwise received by Defendant.

## Parties

2. Plaintiff, asserts in his Complaint that he is a resident of the County of Niagara, State of New York, and thus is a citizen of New York for diversity purposes.

3. Defendant is a corporation organized under the laws of the state of North Carolina, with its principal place of business in North Carolina, and thus is a citizen of North Carolina for diversity purposes.

## Jurisdiction

4. This Court has subject-matter jurisdiction of the action pursuant to 28 U.S.C. § 1332 in that it is a civil action between citizens of different states, and the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

5. Although the Complaint does not demand a specific amount of damages, the Complaint seeks insurance coverage relating to an underlying lawsuit which seeks recovery for alleged personal injuries at a residential construction project. Plaintiff's Complaint identifies the amount of potentially applicable insurance coverage sought as $1,000,000. Complaint's request for insurance coverage potentially implicates Defendant's duties to defend and indemnify its insured up to the $1,000,000 limit of liability. Consequently, Defendant has a good faith belief that the amount in controversy meets the threshold for removal.

---

[1] Defendant has not yet received a complete, file-stamped copy of the Summons and Complaint. Nonetheless, in order to preserve its right to remove this action to federal court, Defendant is attaching herewith a copy of the Summons and incomplete Complaint received by Defendant.

## Basis For Removal

6. This Court has subject-matter jurisdiction on the basis of diversity of citizenship under 28 U.S.C. § 1332. Venue is proper pursuant to 28 U.S.C. § 1441(a) as this is the federal district court for the district embracing the place where the state court suit is pending.

7. Legal process served on a defendant through its statutory agent, a Secretary of State, is deemed served on the defendant for removal purposes, on the date that the defendant actually receives a copy of the complaint, not the date of service on the Secretary of State. *See Hua Zao Yang v. ELRAC, Inc.,* 2004 U.S. Dist. LEXIS 1668 (S.D.N.Y. Feb. 3, 2004); *see also Eskridge v. Pac. Cycle, Inc.*, 2011 U.S. Dist. LEXIS 137082 (S.D. W. Va. Nov. 29, 2011) (thirty-day period for removal under 28 § U.S.C. 1446(b) begins to run on the date the defendant actually receives a copy of the process); *Gordon v. Hartford Fire Ins. Co.*, 105 Fed. Appx. 476, 481 (4th Cir. 2004) (unpublished); *Fields v. Markel Ins. Co.*, 2010 U.S. Dist. LEXIS 8866 (E.D. La. Jan. 12, 2010) ("the thirty day period commences upon actual receipt of formal service by the named defendant as opposed to service upon the statutory agent."). This Notice of Removal is timely filed, pursuant to 28 § U.S.C. 1446(b) within thirty (30) days of Defendant's receipt of Plaintiff's Summons with Notice and Complaint which occurred on September 24, 2013.

8. As required by 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon Plaintiff, by and through his attorney of record, and is being filed with the Clerk of the Court of the State of New York Supreme Court, County of Niagara, Clerk's Office.

9. Copies of all process, pleadings and orders served upon Defendant in the State of New York Supreme Court, County of Niagara, Index No. 150515, are attached hereto as Exhibit B.

10. Nothing in this Notice is intended by Defendant as an acknowledgement of proper service of the Complaint on Defendant or as a waiver of any of Defendant's rights or defenses, including but not limited to all defenses set forth in FRCP Rule 12(b).

**WHEREFORE**, Defendant files this Notice of Removal so that the entire state court action under Index No. 150515 now pending in the State of New York, Supreme Court, County of Niagara, be removed to this court for all further proceedings.

Dated: Buffalo, New York
October 3, 2013

                                                    Respectfully submitted,

                                                    GOLDBERG SEGALLA LLP

                                                  _s/Jeffrey L. Kingsley_
                                                  Jeffrey L. Kingsley
                                                  *Attorneys for Defendant*
                                                  *Atlantic Casualty Insurance Company*
                                                  665 Main Street, Suite 400
                                                  Buffalo, New York 14203
                                                  Telephone: 716-566-5400
                                                  jkingsley@goldbergsegalla.com

TO:    Christopher Privateer, Esq.
         *Attorney for Plaintiff*
         272 East Ave.
         Lockport, New York 14094
         (716) 439-8098