UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

JAMES T. JOHNSON, d/b/a Stockton
Roofing & Siding

          Plaintiff,    **DECISION AND ORDER**

      -vs-           13-CV-1002S

ATLANTIC CASUALTY INSURANCE COMPANY,

          Defendant and
          Third-Party Plaintiff,

      -vs-

MARC P. HERRING,
A BEST, INC.,

          Third-Party Defendants.

---

  By joint motion to opt out of ADR filed April 25, 2014, the parties seek relief from the mediation required by the Court's Alternative Dispute Resolution Plan ("ADR Plan"). No further papers are invited and oral argument is unnecessary.

  This case was filed with this federal district court on October 3, 2013 by removal of an action commenced in New York Supreme Court, Niagara County on July 5, 2013. That former state court action, now pending here, seeks interpretation by the Court of certain coverage provisions of an insurance policy issued by Defendant/Third-Party Plaintiff Atlantic Casualty Insurance Company ("ACIC") to Plaintiff Stockton Roofing and Siding ("Stockton").

  At the heart of the litigation is the alleged personal injury of one Marc P. Herring on August 10, 2011, while he was allegedly employed by Stockton. (Docket No. 1-2). His

personal injury action was commenced in New York Supreme Court, Niagara County, against A. Best, Inc. ("Best"), apparently a more senior contractor on a residential project, which subcontracted some of the work to Stockton. Best then commenced a third-party action against Stockton based upon a claim of indemnity under that subcontract. Stockton thereafter presented that third-party claim to its insurance carrier, ACIC, which denied coverage. (Docket No. 1-2, ¶¶ 4-7).

There followed the aforesaid separate state court action by Stockton against ACIC seeking a declaration of its rights as an insured, which action was removed and is the subject of this motion. Since removal of the case to this Court, Defendant ACIC commenced a third-party action against Herring and Best, completing this circle of litigants. The underlying personal injury action is apparently still pending in Niagara County Supreme Court.

The Scheduling Order issued by United States Magistrate Judge Leslie G. Foschio on April 18, 2014 (Docket No. 22) included certain mediation-related deadlines. This motion to opt out of mediation has been timely filed.

A motion to opt out of ADR may be granted only upon a showing of "good cause," and the motion must set forth the reasons why ADR "has no reasonable chance of being productive." (ADR Plan, § 2.2 C). The reasons presented by the parties in their Joint Declaration (Docket No. 23-1) are that "the relief sought is limited to declaratory relief," and that "the instant dispute is not amenable to ADR. Liability and damages are not at issue." The parties conclude with the contention that "the give-and-take process that is ADR, which best addresses the existence and scope of liaibility and/or damages, has no reasonable chance of productively addressing the requested relief."

The position of the parties is not without merit. Their pleadings recite their preliminary arguments about and/or interpretations of the subject insurance provisions and they will undoubtedly do in future submission, perhaps at great length, leaving it to the Court to finally determine the meaning of language. An initial view of such litigation can suggest that mediation simply may not fit.

On the other hand, what is presently pending in two venues and in multiple, complex manners are a personal injury claim, a demand for contribution or indemnity based on a subcontract, a demand for insurance coverage for that indemnity claim, a suit demanding coverage and for declaratory interpretation by a court, and a further third-party demand for indemnity by the carrier should coverage be found. This Court must now determine whether our mediation program might be able to help.

The ADR Plan provides for "quicker, less expensive alternatives to continuing litigation." (Plan, § 1.2). The Plan automatically refers all newly filed civil cases to mediation and does not exempt suits for declaratory judgment. (Plan, § 2.1 A). The mediation process does not require settlement but only good faith participation with a reasonable possibility of discussions being productive.

The Court leans here toward the possibility that, in the hands of a skilled federal court mediator selected by the parties or designated by the Court, the entire group of claims asserted, perhaps even the substance of a now nearly three year old injury, could be productively embraced and discussed. All the parties are here. To choose otherwise would be to acquiesce to the very draining and expensive litigation this program is intended to try to avoid.

Participation in the Plan's mediation process is not burdensome. A short memorandum must be submitted and only two hours of mediation are required, extended only by mutual consent. Mediation fees are modest.

The reasons given in support of the motion to opt out are not sufficient to constitute good cause for relief and the parties' joint motion is DENIED.

SO ORDERED.

s/William M. Skretny  
WILLIAM M. SKRETNY  
Chief Judge  
United States District Court

Dated: May 7, 2014  
       Buffalo, New York